IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas C. Campbell, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C/A No. 0:07-1008-HMH-BM |
| | ) | |
| Michael J. Astrue, | ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff seeking relief under 42 U.S.C. § 405(g). Plaintiff previously sought relief in this Court in Campbell v. Chater, C/A No. 0:95-1228, with that case ultimately being remanded to the Commissioner for further proceedings under Sentence Four of § 405(g).[1] Following remand, a second hearing was held in Plaintiff's case on December 19, 1996, resulting in a partially favorable decision being issued on November 18, 1998 finding that Plaintiff was entitled to Disability Insurance Benefits commencing March 1, 1997, but not prior to that date. See Exhibit (Court Docket No. 15-2). The Appeals Council upheld the decision on August 26, 2000, thereby making the decision of the ALJ the final decision of the Commissioner.[2] However, Plaintiff contends that he did not get notice of the Appeals Court's

---

[1]This Court can take notice of its own records. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

[2]A copy of the Appeal Council's decision has not been provided to the Court; however,
(continued...)



1

decision until on or about December 13, 2005, following which this action was timely filed after an extension of time to file was received from the Appeals Council.

Apparently due to the age of this case, the Commissioner now reports that the recording of the second ALJ hearing held on December 19, 1996 cannot be located and a transcript cannot therefore be prepared. The Commissioner therefore seeks remand of the case pursuant to Sentence Six of § 405(g) for a de novo hearing. Plaintiff opposes remand, arguing that a transcript of the December 19, 1996 hearing is not necessary for a decision in this case, since all of the other records are apparently available for review. Plaintiff further argues that a transcript from the first hearing is available, which includes testimony from the Plaintiff, and that more VE testimony is not necessary. The undersigned does not agree.

Under § 405(g) this Court's scope of review is limited to 1) whether the Commissioner's decision is supported by substantial evidence, and 2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the Court's duty to affirm the decision. Here, a review of the ALJ's decision of November 18, 1998 shows that the ALJ used almost three (3) pages of the decision (pages 10-12) to discuss Plaintiff's testimony at the second hearing as well as the testimony of Plaintiff's mother, on which he in part based his decision on Plaintiff's residual functional capacity, as well as his questioning of a vocational expert and what

---

[2](...continued)
both counsel represent in their briefs that the decision was upheld by the Appeals Council on August 26, 2000.



the vocational expert's responses were to his questioning. Without the actual transcript of this hearing, the Court has no way to review and verify this evidence for itself to determine whether the ALJ's recitation of this evidence is correct, and whether it therefore constitutes substantial evidence to support his decision. Accordingly, the undersigned is constrained to agree with the Commissioner that the inability to obtain a transcript of this hearing constitutes good cause for remand in this case and indeed necessitates a remand in this case. Ferraro v. Secretary of U.S. Dep't of Health and Human Servs, 770 F.Supp. 100, 102 (E.D.N.Y. 1991) (citing H.R. Conf. Rep. No. 944, 96th Cong., 2d Sess. 59, *reprinted in* 1980 U.S.C.C.A.N. 1277, 1407). *Cf.* Atkins v. Heckler, 574 F.Supp. 634, 636 (E.D.Pa. 1983) [noting that court could not resolve whether substantial evidence supported the ALJ's decision where proper hearing transcript was not available].

Plaintiff further argues that, if a remand is found to be necessary, that on remand the Commissioner be directed to make a more urgent and diligent search for the recording of the second hearing and to file an affidavit setting forth the efforts made and the results of the search. In the event the hearing tape is recovered, a transcript can then be filed with the Court for further proceedings in this case. In the event a transcript cannot be obtained and further proceedings at the administrative level are required, Plaintiff asks that the case be assigned to one of two particular administrative law judges in Columbia,[3] or in the alternative, that the case be heard by the Greenville Office of Adjudication and Review. Plaintiff further urges the Court to set time limits on how long the Government will have to conduct the ALJ hearing and then enter a written

---

[3] Plaintiff's counsel represents to the Court that the original ALJ in this case is now retired.



decision. The Commissioner opposes these requests.

Based on the foregoing, and after review of the briefs and arguments presented, it is **recommended** that the Commissioner's motion for remand be **granted**, and that pursuant to the power of this Court to enter an order of remand under Sentence Six of § 405(g), the case be **remanded** to the Commissioner for the purpose of locating the tape from the second hearing and to prepare a transcript of that hearing for filing with the Court in this case. If the Commissioner cannot locate the tape and prepare such a transcript within one hundred and twenty (120) days, the Commissioner should be required to file an affidavit with the Court setting forth the efforts made to locate the hearing tape and that such tape cannot be found. The Commissioner should then refer the claim to an administrative law judge for a de novo hearing.

As for Plaintiff's request that, upon remand for a de novo hearing, the matter be referred to one of two particular ALJ's in Columbia or, in the alternative, to the Greenville Office of Adjudication and Review, it is normally within the province of the Commissioner to determine assignment of disability files. Travis v. Sullivan, 985 F.2d 919, 924 (7th Cir. 1993) ["To whom a case should be remanded is generally within the province of the [Commissioner's] responsibility"]. While a request for referral to a particular office or judge may be proper in appropriate circumstances; *cf.* Wentworth v. Barnhart, 71 Fed.Appx. 727, 729 (9th Cir. 2003) [Remanding to new ALJ where previous ALJ had already formed opinion on issue to be addressed in new hearing]; Plaintiff has not provided proper grounds for such relief in this case. Rather, he makes only general and conclusory claims in his brief that any other ALJs in the Columbia Office (other than the two cited in his brief) would not render a fair decision in the



case. Such general and conclusory statements are not, standing alone without any supporting examples or evidence, proper justification for such extraordinary relief, and his request should therefore be **denied**. *Cf.* Travis, 985 F.2d at 924; Muse v. Sullivan, 925 F.2d 785 (5th Cir. 1991); 20 C.F.R. § 416.1440.

Finally, although the Court should certainly expect that, given the age of this case, is will be handled in an expeditious manner, it is **recommended** that the Court also decline to impose an arbitrary time limit on the Commissioner for consideration of Plaintiff's case.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

September 28, 2007

5

