IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Thomas C. Campbell, III, | ) | |
| | ) | C.A. No. 0:07-1008-HMH-BM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

The Plaintiff filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

1

After a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation and incorporates it herein. It is therefore

**ORDERED** that the Commissioner's motion for remand is granted. Pursuant to Sentence Six of § 405(g), the case is remanded to the Commissioner for the purpose of locating the tape from the second hearing and for preparation of a transcript of that hearing for filing with the Court. If the Commissioner cannot locate the tape and prepare such a transcript within one hundred twenty (120) days, the Commissioner is required to file an affidavit with the Court setting forth the efforts made to locate the hearing tape and that such tape cannot be found. The Commissioner is directed to then refer the claim to an administrative law judge for a de novo hearing. It is further

**ORDERED** that Plaintiff's request that the matter upon remand for a de novo hearing be referred to one of two particular administrative law judges in Columbia, or in the alternative to the Greenville Office of Adjudication and Review, is denied. The Court also declines to impose an arbitrary time limit on the Commissioner for consideration of Plaintiff's case.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 22, 2007