IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Thomas C. Campbell, III,                )
                                         )
        Plaintiff,               )   C.A. No. 0:07-1008-HMH
                                         )
        vs.                      )   **OPINION & ORDER**
                                         )
Michael J. Astrue, Commissioner of       )
Social Security,                         )
                                         )
        Defendant.               )

      This matter is before the court on Ronald A. Hightower's ("Hightower") motion for attorney's fees pursuant to 42 U.S.C. § 406(b) and a motion for entry of judgment. Hightower, counsel for Thomas C. Campbell, III ("Campbell"), seeks attorney's fees in the above-captioned[1] social security action in the amount of Thirteen Thousand Two Hundred Ninety-Seven Dollars and Seventy-Five Cents ($13,297.75). See 28 U.S.C. § 2412(a), (d). The Commissioner filed a response in opposition on July 29, 2010.

      The Commissioner argues that the instant motion for attorney's fees should be denied as untimely. On March 19, 2009, the administrative law judge ("ALJ") issued a decision awarding Campbell past-due disability benefits. (Comm'r Mem. Opp'n Att'y Fees Ex. 1 (Mar. 19, 2009 ALJ Decision).) Campbell did not appeal the ALJ's decision. On May 9, 2009, the Assistant Regional Commissioner informed Campbell and Hightower in a May 9, 2009 letter that attorney's fees in the amount of $13,297.75 had been withheld for Hightower. (Comm'r Mem. Opp'n Att'y Fees Ex. 2 (May 9, 2009 Letter).) Hightower did not file a petition seeking the

---

[1] This matter is also related to civil action number 0:95-1228-HMH.

1

$13,297.75. On January 25, 2010, the Assistant Regional Commissioner informed Hightower in writing that the withheld amount of $13,297.75 would be certified for payment to Campbell <u>"unless [Hightower] filed a petition for approval of a fee within 20 days from the date of th[e] letter</u>, or a written request for an extension of time." (Pl. Mem. Supp. Mot. Att'y Fees Add'l Ex. (Jan. 26, 2010 Letter).) Hightower did not file a petition for approval or for an extension of time. Hightower filed the instant motion for attorney's fees on June 29, 2010.

According to Local Civil Rule 83.VII.07(A) of the District of South Carolina, a "petition for attorney's fees shall be filed within sixty (60) days after the expiration date for filing a notice of appeal . . . . *Noncompliance with this time limit shall be deemed a waiver of any claim for attorney fees*." (Emphasis added). There is no question that Hightower failed to petition for attorney's fees within the sixty-day time period. Further, pursuant to 20 C.F.R. § 404.1730(c)(1) (2007), Hightower was required to submit a request to the Social Security Administration ("SSA") for the attorney's fees within sixty days of the notice of the favorable determination. Section 404.1730(c)(2)(i) provides that

> [i]f no request is filed within 60 days of the date the notice of the favorable determination is mailed, [the SSA] will mail a written notice to [the claimaint] and [his] representative at [the claimant's] last known addresses. The notice will inform [the claimant] and the representative that unless the representative files, within 20 days from the date of the notice . . . [it] will pay all the past-due benefits to [the claimant].

Hightower failed to file a timely petition for attorney's fees after the January 26, 2010 notice. Hightower alleges that "[b]efore the expiration of the sixty (60) days after the notice from Social Security . . . [he] suffered six (6) 'minor strokes' on or about March 11 and March 12, 2010." (Hightower Mot. Entry J. Attach. 1 (Hightower Aff. 1).) Hightower states that his "condition

2

worsened" and as a result of his strokes he was unable to timely file a petition for the attorney's fees. (Id. Attach. 1 (Hightower Aff. 2)).

The SSA has disbursed the $13,297.75 to Campbell. As such, Hightower must seek his attorney's fees directly from Campbell. According to the Social Security Administration Program Operations Manual System (POMS) § GN 03920.055, if Campbell refuses to pay Hightower's attorney's fees, the SSA will "withhold from [Campbell's] future benefits . . . the amount of past-due benefits that would have been available to pay [Hightower.]" The court notes that upon receipt of the $13,297.75, Hightower must refund to Campbell the $3,819.98 awarded under the Equal Access to Justice Act ("EAJA") in case number 95-1228.[2] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee[,] . . . up to the point the claimant receives 100 percent of the past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (internal quotation marks and citation omitted).

---

[2] In an order dated December 11, 1996, this court granted Hightower's motion for attorney's fees pursuant to the EAJA.

Therefore, it is

**ORDERED** that Hightower's motion for attorney's fees, docket number 27, is denied. It is further

**ORDERED** that Hightower's motion for entry of judgment, docket number 30, is denied as moot. It is further

**ORDERED** that Defendant's motion for entry of judgment, docket number 32, is denied as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 3, 2010